PRICE, Judge.
In this tort action Victor M. Holguin, father of seventeen-year old David Hol-guin, seeks damages for personal injuries on behalf of his minor son and individually asks for medical expenses resulting from an accident occurring in the 800 block of River Road in the City of Shreveport.
In the early evening of December 4, 1969, David had accompanied a nineteen-year old friend, James W. Sweeney, to a restaurant in Shreveport to drink beer. After consuming approximately two glasses each, Sweeney returned David to his home on River Road. As he was backing out of the driveway Sweeney noticed David running along the left curb of the street in the same direction in which he intended to proceed. Sweeney pulled his automobile over in the left lane near David to inquire why David was running. David collided with the left side of the Sweeney vehicle, knocking him to the pavement and causing the injuries for which plaintiff seeks damages in this suit.
*229 Defendants named in plaintiff’s petition are Mrs. Dorothy Maloney, owner of the vehicle driven by her son, James Sweeney, and her liability insurer, State Farm Mutual Automobile Insurance Company. Mrs. Maloney has been dismissed as a defendant by the sustaining of an exception of no right of action pleading the judicial emancipation of James Sweeney, thus releasing her of responsibility for his torts.
Plaintiff alleges Sweeney was negligent in driving on the wrong side of the road at an excessive speed, not keeping a proper lookout and driving his vehicle into David Holguin, knocking him to the ground.
Defendant, State Farm, contends Sweeney was guilty of no negligence as he merely pulled his vehicle over at a slow speed alongside David to inquire why he was running, and as the vehicle was abreast of David he lost his footing and fell against the side of it.
In the alternative, defendant alleges David was engaging in horseplay which renders him guilty of contributory negligence barring any recovery on his behalf.
The trial judge in his reasons for judgment rejecting plaintiff’s demands,' found no negligence on the part of Sweeney and also concluded that even conceding Sweeney was guilty of negligence, David Hol-guin was contributorily negligent, thus barring his right to recover. The court refused to apply the doctrine of last clear chance as it held that for the doctrine to be applicable it must be found that Sweeney knew David Holguin was in a position of danger at a time when he could have taken evasive action and failed to do so.
Plaintiff perfected this devolutive appeal and assigns as error the failure of the trial judge to find the actions of Sweeney in driving his vehicle on the wrong side of the road constituted gross negligence which was the sole cause of the accident, and in failing to apply the doctrine of last clear chance to allow plaintiff to recover.
Several cases -have been cited by appellant holding that a motorist who drives in or swerves into the wrong lane and strikes a pedestrian from behind is guilty of negligence which is the proximate cause of the accident, even though the pedestrian is walking in the roadway. We do not find any of these cases applicable to the facts of this case. Although the driving of a vehicle on the wrong side of the road in violation of the Highway Regulatory Statute (LSA-R.S. 32.71) constitutes negligence per se, we do not consider the violation in the case at bar to be the proximate cause of this accident.
The trial judge made a factual determination that Sweeney drove into the left lane solely for the purpose of inquiring of his friend the reason for his unusual behavior in running away from his home, and that the vehicle was operated in a careful manner. He further found as a fact that the evidence showed David lost his footing and fell against the side of the car as opposed to plaintiff’s contention that the car was driven into David.
We can find no manifest error in these findings of fact by the trial judge. The evidence clearly indicates the point of impact of David with the vehicle to be on the left side near the middle of the vehicle. This evidence coupled with the testimony of Sweeney and David Holguin is the basis of the trial judge’s conclusion. Factual determination of a trial court involving the credibility of witnesses must be given great weight under the jurisprudence of this State.
As we concur in the finding of the trial court that Sweeney was not guilty of negligence which was a proximate cause of the accident, the issues of contributory negligence and last clear chance have thus become moot.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.
Affirmed.